UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KOITA MOHAMMED ALI,      ) | |
|      ) | |
|      Petitioner,      ) | |
|      ) | |
| v.      ) | Case No. CIV-26-1305-HE |
|      ) | |
| FACILITY ADMINISTRATOR,      ) | |
| PRAIRIELAND DETENTION CENTER,) | |
| et al.,      ) | |
|      ) | |
|      Respondents.      ) | |

## REPORT AND RECOMMENDATION

Petitioner Koita Mohammed Ali, a noncitizen detainee, filed through counsel a Petition for Writ of Habeas Corpus ("Petition").  Doc. 1.  Petitioner challenges under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Petition be transferred to the United States District Court for the Northern District of Texas.

## I.    Screening

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") are applicable to habeas petitions brought under § 2241.  Habeas Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).  Habeas Rule 4 requires the Court to promptly conduct a preliminary review of habeas petitions.

## II.    Petitioner's Background and Claims

On June 4, 2026, Petitioner filed his Petition in this Court, alleging ICE is acting to unlawfully remove him to a country other than his country of citizenship without "prior notice, the right to object, and the statutory opportunity to assert separate claims of prosecution or torture."  Doc. 1 at 6-7 (citation modified).  Petitioner paid the applicable fee.  Doc. 4.  He names several Respondents: Facility Administration, Prairieland Detention Center; Field Office Director, ICE Enforcement and Removal Operations Dallas Field Office; and Markwayne Mullin, Secretary of Homeland Security.  Doc. 1 at 1.  In his Petition, Petitioner alleges he was detained at the Prairieland Detention Center in Alvarado, Texas, at the time of filing.  *Id.*  Alvarado is in Johnson County, which is located within the territorial jurisdiction of the United States District Court for the Northern District of Texas.  *See* 28 U.S.C. § 124(a).

## III.    Analysis

### A.    The Court lacks jurisdiction to grant Petitioner habeas relief.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (explaining habeas petitions challenging present confinement must be filed in "the district of confinement").  Additionally, a § 2241 petition must name as the proper respondent "the person who has custody over the petitioner," who is "the warden of the facility where the prisoner is being held."  *Padilla*, 542 U.S. at 434-35 (quoting 28 U.S.C. § 2242).  "District courts are limited to granting habeas relief 'within their respective

jurisdictions.'"  *Id*. at 442 (quoting 28 U.S.C. § 2241(a)).   Because of this statutory

limitation, a district court may not grant habeas relief unless it has jurisdiction over the

petitioner's custodian.  *Id.*  And jurisdiction over a petitioner's custodian "lies in only one

district: the district of confinement."  *Id.* at 443.

This Court lacks jurisdiction over Petitioner's immediate custodian and, therefore,

can provide no relief to Petitioner.  *See, e.g., Griffin v. Kastner*, 507 F. App'x 801, 802

(10th Cir. 2013) (finding petitioner who had been transferred to a facility in Missouri was

"outside the 'district of confinement' and therefore outside the scope of [this Court's]

habeas jurisdiction" (quoting *Padilla*, 542 U.S. at 442)).   Instead, the only district court

that can grant habeas relief is the court with jurisdiction over Petitioner's custodian—the

District Court for the Northern District of Texas.[1]

## B.    The Court should transfer the action rather than dismiss it.

"Jurisdictional defects that arise from a suit being filed in the wrong federal district

may be remedied by transfer pursuant to 28 U.S.C. § 1631," and "such transfer is

---

[1] The undersigned notes that as of the date of this Report and Recommendation, ICE's online detainee locator indicates Petitioner is detained at Jackson Parish Correctional Center in Jonesboro, Louisiana.   *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 8, 2026).  Nothing in the Petition, however, indicates Petitioner was not detained at Prairieland Detention Center when his counsel filed the Petition.  The United States District Court for the Northern District of Texas "acquired jurisdiction" when Petitioner "filed his habeas petition" while detained within that district, and his "transfer does not defeat that initial jurisdiction."  *Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015); *see also Padilla*, 542 U.S. at 441 (explaining that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

appropriate only 'if it is in the interest of justice.'" *Zani v. U.S. Marshals*, 351 F. App'x 299, 301 (10th Cir. 2009) (quoting 28 U.S.C. § 1631) (citation modified). A district court has "discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Factors that favor a transfer over dismissal include "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id*. at 1223 n.16 (citation modified). Here, there is no evidence the original action was not filed in good faith. Further, the undersigned cannot conclude at this point that Petitioner's claims are not likely to have merit. Further, the undersigned is aware of the time-sensitive nature of Petitioner's allegations that he may be unlawfully removed to a third country without proper process. Accordingly, transfer rather than dismissal is warranted. *See Garcia Morao v. Noem*, No. 25-CV-00838, 2025 WL 2772181, at *2 (D. Utah Sep. 26, 2025) (ordering an immigration habeas petition to be transferred rather than dismissed because petitioner's "claim is filed in good faith, is time sensitive, and merits review").

**IV.     Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631.[2]

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court not later than **June 11, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Clerk of Court is directed also to mail this Report and Recommendation to Petitioner at both Prairieland Detention Center and Jackson Parish Correctional Center.